# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **SHIRLEY WILSON,** | : |
| | : |
| **vs.** | : |
| | : **CIVIL ACTION NO. 16-00621-KD-B** |
| **TABLETOPS UNLIMITED, INC.,** | : |
| | : |
| **Defendant.** | : |

## ORDER

This action is before the Court as a result of the parties' dispute over Plaintiff's proposed testing of the pressure cooker at issue in this case. A discovery conference was conducted by telephone on May 30, 2017, and pursuant to the Court's directive, the parties filed written memorandums in support of their respective positions on June 6, 2017. (Docs. 35, 36).

In her complaint, Plaintiff alleges that she was burned and severely injured while operating a pressure cooker that was designed, manufactured, and sold by Defendants. Plaintiff contends that the pressure cooker was in a defective condition when it was manufactured, sold, distributed, and placed into the stream of commerce. (Doc. 34). Plaintiff seeks to ship the subject pressure cooker from her counsel's office in Mobile, Alabama, to consultants in Pennsylvania for testing. (Doc. 35-1 at 1). According to Plaintiff's counsel, the proposed testing is neither destructive nor intrusive as "no parts of the machine

will be removed and the condition of the pressure cooker will not be changed." (Doc. 35). Additionally, Plaintiff seeks to have said testing conducted outside the purview of defense counsel and its consultant. (Doc. 35).

Defendant objects to the testing proposed by Plaintiff's counsel on the ground that by testing the pressure in a manner that violates the manufacturing operating instructions, the pressure cooker will be damaged, and Defendant will be irreparably prejudiced because it will be denied the opportunity to present the pressure cooker to the jury in its present, unaltered and undamaged condition. Defendant argues that if Plaintiff's expert is permitted to conduct the requested testing, Plaintiff should be subjected to evidentiary sanctions if the pressure cooker is altered, impaired, or damaged as a result of said testing, or if the pressure cooker is lost or damaged while in transit to Plaintiff's consultant in Pennsylvania. Defendant further contends that if Plaintiff's expert is allowed to proceed with said testing, Defendant and its consultant should be allowed to first test the pressure cooker in compliance with the operating instructions and usage warning, and depose Plaintiff as to the specifics of the incident.

Federal Rule of Civil Procedure 34 governs the pretrial production and inspection of tangible materials in discovery,

and authorizes a party to "serve on any other party a request within the scope of Rule 26(b); to produce and permit the requesting party. . .to inspect, copy, test, or sample. . .any designated tangible things. . . ." Fed.R.Civ.P. 34(a)(1)(B). In turn, Rule 26(b) contemplates parties obtaining discovery "regarding any nonprivileged matter that is relevant to any . . . claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ. P. 26(b)(1). "If the parties differ as to whether an inspection or test is appropriate, 'the court must balance the respective interests by weighing the degree to which the proposed inspection will aid in the search for truth against the burdens and dangers created by the inspection.'" Hunley v. Glencore Ltd., Inc., 2013 U.S. Dist. LEXIS 5425259, 2013 WL 1681836, *3 (E.D. Tenn. Apr. 17, 2013) (citations omitted). The decision whether to allow testing, destructive and non-destructive alike, "rests within the sound discretion of the court." Ostrander v. Cone Mills, Inc., 119 F.R.D. 417, 419 (D. Minn. 1988); see also Coleman v. Anco Insulators, Inc., 2017 U.S. Dist. LEXIS 62987, 2017 WL 1735038, *2 (M.D. La. Apr. 26,

3

2017); Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc., 249 F.R.D. 390, 395 (S.D. Fla. Mar. 6, 2008).

The Court notes, as a preliminary matter, that the parties disagree about whether the testing proposed by Plaintiff's consultant is destructive or non-destructive testing. Where destructive testing is involved, courts have repeatedly applied a four-factor test in determining whether to permit destructive testing, see Mirchandani v. Home Depot, USA, Inc., 235 F.R.D. 611, 613-14 (D. Md. 2006). Under the four-factor test, the Court considers 1) whether the proposed testing is reasonable, necessary and relevant to proving the movant's case; 2) whether the nonmovant's ability to present evidence at trial will be hindered, or whether the nonmovant will be prejudiced in some other way; 3) whether there are any less prejudicial alternative methods of obtaining the evidence sought; and 4) whether there are adequate safeguards to minimize prejudice to the non-movant, particularly the non-movant's ability to present evidence at trial. Id., 235 F.R.D. at 614. "Where courts have ordered materials to be subject to destructive testing, they almost unanimously allow the opposing party to bear witness to the inspection and testing, either in person or via another avenue. . . ." Ramos v. Carter Express Inc., 292 F.R.D 406, 409 (S.D. Tex. July 10, 2013)(collecting cases); see also Jeld-Wen, 249 F.R.D. at 398 ("[A]lthough [the defendant] may conduct

4

destructive testing consistent with the protocol established by the [court's previous order,]. . . [the defendant] has not demonstrated 'good cause' sufficient to justify destructive testing of the windows at issue outside the presence of [the plaintiff]."). "In contrast, when courts compel production of materials for non-destructive testing, they habitually refuse to allow the presence of an opposing party." Ramos, 292 F.R.D. at 409.

In this case, Defendant takes issue with Plaintiff's assertion that the proposed testing will be non-destructive; however, neither party has presented any probative evidence indicating whether the testing protocol proposed by Plaintiff's expert will damage the pressure cooker or materially change the appearance and condition of the pressure cooker.[1] Additionally, Plaintiff has not indicated why the testing of an exemplar pressure cooker would not suffice. Indeed, in the "Proposed Pressure Cooker Evaluation" submitted along with Plaintiff's memorandum, the suggested test protocol references testing involving "the incident or exemplar pressure cooker." (Doc. 35-2). In the absence of anything before the Court suggesting that

---

[1] It appears that the subject pressure cooker was made available for examination by Defendant's consultant, in the presence of Plaintiff's counsel, on May 12, 2017. (Doc. 35-1). There is no indication that testing of any kind was conducted at that time.

5

the testing of an exemplar would not suffice, and given that the proposed testing of the incident pressure cooker could potentially result in damage to the pivotal evidence in this case, or the pressure cooker could get lost or damaged while being shipped from Mobile to Plaintiff's consultant in Pennsylvania, the undersigned finds that use of an exemplar pressure cooker will aid in the search for the truth, while also preserving the pivotal evidence in this case. Accordingly, Plaintiff's request to ship the incident pressure cooker for testing is **DENIED.**

This action is scheduled for a status conference via telephone on **July 11, 2017** at **10:00 a.m.**

**DONE** this **26th** day of **June, 2017.**

                                          **/s/ SONJA F. BIVINS**
                               **UNITED STATES MAGISTRATE JUDGE**